```
                                    UNITED STATES DISTRICT COURT
                                    WESTERN DISTRICT OF WASHINGTON
                                              AT SEATTLE
```

| | |
|---|---|
| GIA L. LAWS, | CASE NO. C09-033JLR |
| Plaintiff, | ORDER |
| v. | |
| CITY OF SEATTLE, et al., | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the court on Plaintiff Gia L. Laws's motion for partial summary judgment (Dkt. # 25). Ms. Laws asks the court to declare RCW 4.24.350(2) unconstitutional under the United States Constitution and the Washington State Constitution. Similar challenges to RCW 4.24.350(2) have already been considered and rejected by four district court judges of the Western District of Washington. Having

reviewed the motion, as well as all papers filed in support and opposition, and deeming oral argument unnecessary, the court DENIES the motion (Dkt. # 25).

## II. BACKGROUND

On April 3, 2008, Ms. Laws boarded a bus at Third Avenue and James Street in downtown Seattle, Washington, followed by a woman brandishing a knife. (Am. Compl. (Dkt. # 16) ¶ 12.) Passengers alerted the bus driver to the woman's presence, but the driver did not stop the bus immediately. (Am. Compl. ¶ 13.) The woman, standing in the isle, declined the offer of a seat. (Am. Compl. ¶ 14.) Ms. Laws, who was six months pregnant at the time, asked the woman if she could pass by her. (Am. Compl. ¶ 15.) In response, the woman pushed on Ms. Laws's left shoulder and pointed the knife at Ms. Laws's abdomen. (*Id*.) "She has a knife!" a passenger screamed. (*Id*.) The woman continued to point the knife at Ms. Laws until another passenger screamed and Ms. Laws pushed the woman out of her way, running to the front of the bus. (Am. Compl. ¶¶ 16-17.) "She has a knife!" Ms. Laws told the driver. (Am. Compl. ¶ 17.)

When the bus arrived at Fifth Avenue and James Street, the driver stopped the bus and opened the doors. (Am. Compl. ¶ 18.) As she describes it, Ms. Laws felt herself dragged forcefully backwards by the arm, down the steps of the bus. (*Id*.) She subsequently realized that it was Defendant Officer Scott Schenck of the Seattle Police Department who had taken hold of her. (*Id*.) Ms. Laws told Officer Schenck that she was not the knife-wielding woman. (Am. Compl. ¶ 21.) Ms. Laws alleges that Officer Schenck shoved her against a wall and pulled on her right wrist, causing her to lose her balance and fall to the ground. (Am. Compl. ¶ 22.) She states that Officer Schenck told

her she was under arrest, although she was released shortly thereafter. (Am. Compl. ¶¶ 23, 29.)

In her amended complaint, Ms. Laws alleges both federal and state causes of action against Officer Schenck and Defendants the City of Seattle, King County, and five unnamed officers of the Seattle Police Department. (Am. Compl. ¶¶ 31-46.) In response, Officer Schenck filed a counter-claim against Ms. Laws for malicious prosecution under RCW 4.24.350. (Countercl. (Dkt. # 18) ¶ 1.) Specifically, Officer Schenck alleges that Ms. Laws instituted this action with knowledge that the allegations in her amended complaint as to Officer Schenck are false and unfounded, and that she instituted this action with malice and without probable cause. (*Id.*) Officer Schenck seeks recovery for injury in an amount to be proven at trial or an amount of liquidated damages as provided by RCW 4.24.350(2), together with attorneys' fees and costs. The City of Seattle also requests reimbursement of its attorneys' fees and costs under the statute.

Pursuant to the instant motion, Ms. Laws seeks a determination that RCW 4.24.350(2) is unconstitutional under the United States Constitution and the Washington State Constitution. (*See generally* Mot. (Dkt. # 25) at 3-22.) Ms. Laws levels a wide range of constitutional challenges at RCW 4.24.350(2), alleging (1) that the statute infringes on the First Amendment right to petition and is unconstitutionally overbroad, (2) that the statute constitutes impermissible viewpoint discrimination under the First Amendment, (3) that the statute violates the Equal Protection Clause of the Fourteenth

Amendment, and (4) that the statute violates article I, sections 4, 5, and 12 of the Washington State Constitution.

### III. ANALYSIS

**A. Malicious Prosecution Statute**

RCW 4.24.350 permits a defendant to counterclaim for malicious prosecution when the underlying civil action "was instituted with knowledge that the same was false, and unfounded, malicious and without probable cause in the filing of such action . . . ." RCW 4.24.350(1). Washington law ordinarily requires proof of seven elements to support a malicious prosecution claim arising from a civil action. *Clark v. Baines*, 84 P.3d 245, 248-49 (Wash. 2004). Specifically, a claimant must show: (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; (5) that the plaintiff suffered injury or damage as a result of the prosecution; (6) an arrest or seizure of property; and (7) that the plaintiff suffered special injury of a nature that would not necessarily result from similar actions. *Id.*

RCW 4.24.350(2) eliminates two of the traditional seven elements when a malicious prosecution claim is brought "by a judicial officer, prosecuting authority, or law enforcement officer for malicious prosecution arising out of the performance or purported performance of the public duty of such officer." In full, the statute provides:

> In any action, claim, or counterclaim brought by a judicial officer, prosecuting authority, or law enforcement officer for malicious prosecution arising out of the performance or purported performance of the public duty of such officer, an arrest or seizure of property need not be an element of the claim, nor do special damages need to be proved. A judicial officer, prosecuting authority, or law enforcement officer prevailing in such an action may be allowed an amount up to one thousand dollars as liquidated damages, together with a reasonable attorneys' fee, and other costs of suit. A government entity which has provided legal services to the prevailing judicial officer, prosecuting authority, or law enforcement officer has reimbursement rights to any award for reasonable attorneys' fees and other costs, but shall have no such rights to any liquidated damages allowed.

RCW 4.24.350(2). As the language of the RCW 4.24.350(2) makes clear, judicial officers, prosecuting attorneys, and law enforcement officers need not prove two of the elements of an ordinary malicious prosecution claim, *i.e.*, the elements of arrest or seizure and of special damages. *See Gibson v. City of Kirkland*, No. C08-0937-JCC, 2009 WL 564703, at *1 (W.D. Wash. Mar. 3, 2009). In addition, RCW 4.24.350(2) permits such claimants to recover liquidated damages of up to $1,000, reasonable attorneys' fees, and other costs.

**B.      Previous Constitutional Challenges to RCW 4.24.350(2)**

The constitutionality of RCW 4.24.350(2) has been reviewed by five district court judges sitting in Washington. *See Gibson*, 2009 WL 564703, at *1-5 (Coughenour, J.); *Pruitt v. City of Arlington*, No. C08-1107 MJP, 2009 WL 481293, at *1-2 (W.D. Wash. Feb. 23, 2009) (Pechman, J.); *Wender v. Snohomish County*, No. C07-197Z, 2007 WL 3165481 (W.D. Wash. Oct. 24, 2007) (Zilly, J.); *De La O v. Arnold-Williams*, Nos. CV-04-0192-EFS & CV-05-0280-EFS, 2006 WL 2781278, at *2-6 (E.D. Wash. Sept. 25, 2006) (Shea, J.), vacated by 2008 WL 4192033 (E.D. Wash. Aug. 27, 2008); *Bakay v.*

*Yarnes*, No. C04-5803RJB, 2005 WL 2454168, at *4-8 (W.D. Wash. Oct. 4, 2005) (Bryan, J.); *see also Johnson v. Hawe*, 388 F.3d 676, 687 (9th Cir. 2004). The courts in *Bakay*, *Gibson*, *Pruitt*, and *Wender* rejected constitutional challenges to RCW 4.24.350(2) while the court in *De La O* concluded that the statute constituted impermissible content discrimination. However, a split no longer exists in the Washington district courts as to the constitutionality of RCW 4.24.350(2) because the decision in *De La O* has been vacated. 2008 WL 4192033 (E.D. Wash. Aug. 27, 2008).

Having reviewed these decisions, the court rejects Ms. Laws's constitutional challenges to RCW 4.24.350(2) for the reasons articulated in *Bakay*, *Gibson*, *Pruitt*, and *Wender*, as discussed more fully below. These decisions address the precise arguments raised by Ms. Laws in the instant motion[1], and Ms. Laws presents no authority to support a different result here.

**C.  First Amendment Challenges**

    1.    <u>Right to Petition</u>

Ms. Laws first argues that RCW 4.24.350(2) implicates the right to petition. (Mot. at 3-6.) The First Amendment guarantees the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. It is well-settled that the right of access to the courts is subsumed within the right to petition. *Bill Johnson's Rests., Inc. v. Nat'l Labor Relations Bd.*, 461 U.S. 731, 741 (1983); *Gibson*, 2009 WL 564703, at *2. The

---

[1] The court notes that counsel for Ms. Laws represented the plaintiffs in both *Gibson* and *Pruitt*. The arguments submitted in support of the instant motion reiterate, often verbatim, many of the arguments presented by counsel and ultimately rejected in *Gibson* and *Pruitt*.

aegis of the First Amendment, however, does not shield the filing of all lawsuits equally. *See, e.g., Bill Johnson's*, 461 U.S. at 743. As the Supreme Court teaches: "Just as false statements are not immunized by the First Amendment right to freedom of speech, baseless litigation is not immunized by the First Amendment right to petition." *Id.* (internal citations omitted).

By its terms, RCW 4.24.350(2) regulates only activity unprotected by the right to petition because it requires that the underlying action be both knowingly false and maliciously brought. *Gibson*, 2009 WL 564703, at *4; *Pruitt*, 2009 WL 481293, at *1; *Wender*, 2007 WL 3165481, at *3; *see Bill Johnson's*, 461 U.S. at 743. In other words, RCW 4.24.350(2) applies only to "baseless litigation," which is not immunized by the First Amendment. *See Bill Johnson's*, 461 U.S. at 743. The false and malicious claims targeted by RCW 4.24.350 are not entitled to First Amendment protection.

Nevertheless, Ms. Laws argues that the statute is constitutionally deficient under the overbreadth doctrine because it chills a substantial amount of protected First Amendment activity. (Mot. at 5-6.) Ms. Laws reasons that many potential plaintiffs with well-founded claims against police officers are deterred from filing suit for fear of a malicious prosecution counterclaim under RCW 4.24.350(2). Under the overbreadth doctrine, "a statute is facially invalid if it prohibits a substantial amount of protected speech." *United States v. Williams*, __ U.S. __, 128 S.Ct. 1830, 1838 (2008). Application of the overbreadth doctrine is "strong medicine." *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973). Accordingly, to ensure that the doctrine's high social costs do not swallow its benefits, the Supreme Court teaches that a law may not be declared

overbroad unless its application to protected speech is "'substantial,' not only in an absolute sense, but also relative to the scope of the law's plainly legitimate applications." *Virginia v. Hicks*, 539 U.S. 113, 120 (2003). Here, Ms. Laws has not shown that RCW 4.24.350(2) substantially burdens protected activity in an absolute sense, much less in relation to the statute's legitimate scope. *Cf. Bakay*, 2005 WL 2454168, at *6 ("There is simply not a showing here sufficient to justify that this statute in some way chills the right of access to the courts."). In support of her overbreadth challenge, Ms. Laws alludes to her counsel's "personal experience that it is a true fact that litigants who are often impecunious fear a large judgment against them for attorneys' fees if they do not prevail," and discusses two settlement conferences in which RCW 4.24.350(2) allegedly played a part. (Mot. at 4.) This showing is insufficient to sustain an overbreadth challenge. As in *Bakay*, Ms. Laws's argument appears to be based on no more than her counsel's "human experience regarding how such things affect people," which "fails in the face of legislative findings." *See Bakay*, 2005 WL 2454168, at *6. On this record, the court denies Ms. Laws's overbreadth challenge.

2. <u>Viewpoint Discrimination</u>

Next, Ms. Laws challenges RCW 4.24.350(2) on the basis that it constitutes unconstitutional viewpoint discrimination. In *R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992), the Supreme Court established that the government generally may not discriminate based on content or viewpoint when it proscribes so-called "unprotected" categories of expression. The Court explained that although the government may proscribe certain limited categories of expression, such as fighting words, libel, or

obscenity, the government may not use these categories as "vehicles for content discrimination unrelated to their distinctively proscribable content." *R.A.V.*, 505 U.S. at 383-84. For example: "A State might choose to prohibit only that obscenity which is the most patently offensive in its prurience—i.e., that which involves the most lascivious displays of sexual activity. But it may not prohibit, for example, only that obscenity which includes offensive political messages." *Id.* at 388.

In *Chaker v. Crogan*, 428 F.3d 1215 (9th Cir. 2005), the Ninth Circuit applied the viewpoint discrimination principles articulated in *R.A.V.* to strike down a California penal statute that criminalized knowingly false speech critical of peace officer conduct, but left unregulated knowingly false speech supportive of peace officer conduct. The Ninth Circuit recognized that knowingly false speech regarding a public official is not within the ambit of constitutionally protected speech and that "the state may prohibit knowingly false speech made in connection with the peace officer complaint process." *Chaker*, 428 F.3d at 1225. Nevertheless, the Ninth Circuit emphasized that its task was "to determine whether 'the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction.'" *Id.* at 1226 (quoting *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995)). In reviewing the California statute for impermissible viewpoint discrimination, the Ninth Circuit was troubled by the fact that the statute proscribed only knowingly false speech critical of peace officers as opposed to all knowingly false speech connected to the peace officer complaint process, whether supportive or critical. The Ninth Circuit concluded as follows:

> Like the ordinance at issue in *R.A.V.*, [the California statute] regulates an unprotected category of speech, but singles out certain speech within that category for special opprobrium based on the speaker's viewpoint. Only knowingly false speech critical of peace officer conduct is subject to prosecution under [the California statute]. Knowingly false speech supportive of peace officer conduct is not similarly subject to prosecution. California "has no such authority to license one side of a debate to fight freestyle, while requiring the other to follow Marquis of Queensberry rules." Because [the California statute] targets only knowingly false speech critical of peace officer conduct during the course of a complaint investigation, we conclude that the statute impermissibly regulates speech on the basis of a speaker's viewpoint.

*Id.* at 1227-28 (internal citations omitted).

Here, Ms. Laws argues that RCW 4.24.350(2) engages in the same type of impermissible viewpoint discrimination at issue in *R.A.V.* and *Chaker*. The court is not persuaded. To begin with, it is not clear whether the content discrimination principles of *R.A.V.* and *Chaker* extend in full to the right to petition. *Gibson*, 2009 WL 564703, at *3. As the *Gibson* court observed:

> Filing a lawsuit is different from making a statement; the former does not necessarily have a "viewpoint," whereas the latter necessarily does. Thus, it not entirely clear what "viewpoint discrimination" would [look] like when applied to the right to petition.

*Id.* For present purposes, however, the court will assume, without deciding, that the filing of a lawsuit can constitute an expressive act and can convey a viewpoint such that the principles of *R.A.V.* and *Chaker* apply in whole or in part, even where the lawsuit is frivolous and otherwise unprotected by the First Amendment.

Turning to *Chaker*, the court agrees with the *Pruitt* and *Wender* courts that the Ninth Circuit's decision is distinguishable on its facts and that *Chaker* does not require the court to condemn RCW 4.24.350(2) as unconstitutional viewpoint discrimination.

ORDER- 10

*Pruitt*, 2009 WL 481293, at *2; *Wender*, 2007 WL 3165481, at *3. In addressing this issue, the court is persuaded by and hereby adopts the *Pruitt* court's consideration of *Chaker*'s applicability to RCW 4.24.350(2) as follows:

> *Chaker* is distinguishable. While the California statute was penal in nature and thus actively proscribed certain conduct, RCW 4.24.350(2) is a civil statute that was intended to be purely remedial. *See* Laws of 1984, ch. 133, 1, 3. In *Chaker*, the California statute was invalidated because only false complaints against government officials were proscribed. *Chaker*, 428 F.3d at 1226. In contrast, the Washington statute proscribes no conduct at all. Washington common law provides anyone with a cause of action for malicious prosecution; the State Legislature merely limited the elements that must be proven by certain plaintiffs. The Washington statute limits no one's access to the courts, nor does it dictate what type of lawsuit may be filed.

*Pruitt*, 2009 WL 481293; *see also Wender*, 2007 WL 3165481, at *3 ("*Chaker* is distinguishable on at least two grounds: (i) *Chaker* concerned a substantive criminal code, as opposed to a procedural civil statute; and (ii) *Chaker* involved a proscription on specific types of statements, as opposed to a remedy available to specific types of individuals."). Of particular salience, as *Pruitt* makes clear, it is simply not the case that Washington law only provides a cause of action for malicious prosecution in response to civil lawsuits filed against police officers. Ms. Laws submits no authority to support a finding that RCW 4.24.350(2) impermissibly discriminates on the basis of viewpoint. The court denies Ms. Laws's viewpoint discrimination challenge to RCW 4.24.350(2).

**D.  Equal Protection Challenge**

The Equal Protection Clause of the Fourteenth Amendment guarantees that no person shall be denied the equal protection of the laws. U.S. Const. amend. XIV, § 1. This command "is essentially a direction that all persons similarly situated should be

ORDER- 11

treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). However, in recognition that the principles of equal protection must coexist with a wide range of legislative classifications, the Supreme Court has developed a tiered system of review. *See Romer v. Evans*, 517 U.S. 620, 631 (1996). First, laws that burden a fundamental right or target a suspect class must face the highest standard—strict scrutiny—and will be sustained only if they have been narrowly tailored to serve a compelling state interest. *Id.* at 631; *Silveira v. Lockyer*, 312 F.3d 1052, 1087-88 (9th Cir. 2002). Second, laws that target a quasi-suspect class will be subject to intermediate scrutiny. *City of Cleburne*, 473 U.S. at 440-41. Third, laws that neither target a suspect or quasi-suspect class nor burden a fundamental right will be upheld so long as the legislative classification is rationally related to a legitimate state interest. *Romer*, 517 U.S. at 631; *Silveira*, 312 F.3d at 1088.

Ms. Laws argues that the court should review RCW 4.24.350(2) under strict scrutiny because the statute burdens the fundamental right to petition. (Mot. at 9-10.) As discussed above, however, RCW 4.24.350(2) does not burden a fundamental right because it targets only the unprotected act of maliciously filing a frivolous lawsuit. *See Bill Johnson's*, 461 U.S. at 743; *Pruitt*, 2009 WL 481293, at *1; *Wender*, 2007 WL 3165481, at *3. It is also evident that the statute does not target a suspect or quasi-suspect class, nor does Ms. Laws argue that it does. The court therefore declines to apply strict scrutiny.

Ms. Laws next argues that, even if strict scrutiny does not apply, RCW 4.24.350(2) cannot survive rational basis review. (Mot. at 10.) Ms. Laws's bare

assertion that the statute is not rationally related to any legitimate state interest is incorrect: "RCW 4.24.350(2) was passed in response to the 'growing number of unfounded lawsuits, . . . filed against law enforcement officers, . . .' and with the purpose of providing a remedy to those officials." *Pruitt*, 2009 WL 481293, at *1 (citing Laws of 1984, ch. 133, 1). As the court explained in *Bakay*:

> [I]n looking at the beneficiaries of [RCW 4.24.350(2)]—police, prosecutors, and judges—we note that they are set apart for many reasons. We give them powers no one else has, such as the power to arrest, issue warrants, bring lawsuits, and start criminal proceedings against individuals. They have a unique role in our society. . . . It is not a suspect classification to treat police officers, judges, and prosecutors as a separate class or to distinguish them from the rest of the public. It is appropriate to come to such conclusion because of the unique roles played in society by this class of individuals.

*Bakay*, 2005 WL 2454168, at *7. The court joins with *Pruitt*, *Wender*, and *Bakay* in concluding that RCW 4.24.350(2) is rationally related to a legitimate state interest and survives rational basis review. *Pruitt*, 2009 WL 481293, at *1; *Wender*, 2007 WL 3165481, at *4; *Bakay*, 2005 WL 2454168, at *5-8. The court denies Ms. Laws's equal protection challenge.

**E.     Washington State Constitution**

Ms. Laws finally argues that RCW 4.24.350(2) violates the Washington State Constitution. (Mot. at 21-22.) Specifically, Ms. Laws contends that the statute violates article I, sections 4, 5, and 12 of the Washington State Constitution. Ms. Laws, however, provides no support for or analysis of her position and merely recites the constitutional

language.² On this showing, for the reasons discussed below, the court denies Ms. Laws's challenges to RCW 4.24.350(2) under the Washington State Constitution.

1.  Article I, Section 4: Right to Petition

The Washington State Constitution provides that "[t]he right to petition and of the people peaceably to assemble for the common good shall never be abridged." Wash. Const. art. I, § 4. Ms. Laws argues that RCW 4.24.350(2) violates these principles because a potential plaintiff does not have access to the courts if he or she is afraid of a judgment against him or her. (Mot. at 21.) Washington interprets article I, section 4 consistent with the First Amendment. *Richmond v. Thompson*, 922 P.2d 1343, 1351 (Wash. 1996); *see Gibson*, 2009 WL 564703, at *4. As discussed above, the court is not persuaded by Ms. Laws's arguments that RCW 4.24.350(2) violates the federal right to petition. The court denies Ms. Laws's challenge to RCW 4.24.350(2) under article I, section 4 of the Washington State Constitution.

2.  Article I, Section 5: Freedom of Speech

The Washington State Constitution provides that "[e]very person may freely speak, write and publish on all subjects, being responsible for the abuse of that right." Wash. Const. art. I, § 5. Ms. Laws presents no independent argument that RCW 4.24.350(2) violates the Washington State Constitution's freedom of speech protections; she refers instead only to arguments made with respect to the First Amendment. (Mot. at

---

² Counsel for Ms. Laws presented identical arguments regarding the Washington State Constitution in *Gibson* and *Pruitt*.

21.) On this cursory showing, having already concluded that the First Amendment does not condemn RCW 4.24.350(2), the court denies Ms. Laws's challenge to RCW 4.24.350(2) under article I, section 5 of the Washington State Constitution. *See Gibson*, 2009 WL 564703, at *5; *Pruitt*, 2009 WL 481293, at *2.

    3.    <u>Article I, Section 12: Privileges & Immunities Clause</u>

To establish a violation of equal protection under the privileges and immunities clause of the Washington State Constitution, a plaintiff must show that "the challenged law treats unequally two similarly situated classes of people." *Fell v. Spokane Transit Auth.*, 911 P.2d 1319, 1327 (Wash. 1996) (quoting *Cosro, Inc. v. Liquor Control Bd.*, 733 P.2d 539, 543 (Wash. 1987)); *see Samson v. City of Bainbridge Island*, 202 P.3d 334, 349 (Wash. Ct. App. 2009). "In the absence of any argument that the challenged ordinance violates a fundamental right or inclusion in a suspect class, rational basis review applies." *Samson*, 202 P.3d at 349. Here, Ms. Laws has not demonstrated either that RCW 4.24.350(2) treats two similarly situated classes of people differently or that the statute does not survive rational basis review. Therefore, the court denies Ms. Laws's challenge to RCW 4.24.350(2) under article I, section 12 of the Washington State Constitution. *See Gibson*, 2009 WL 564703, at *5; *Pruitt*, 2009 WL 481293, at *2.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Ms. Laws's motion for partial summary judgment (Dkt. # 25).

Dated this 12th day of November, 2009.

_____
JAMES L. ROBART
United States District Judge